JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06756-SVW-AS | Date | November 9, 2020 |
|---|---|---|---|
| Title | *Barry Rosen v. Invaluable, LLC et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| T. Jackson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [19]

## I.    Introduction

Plaintiff Barry Rosen filed the instant lawsuit on July 28, 2020 asserting copyright infringement claims against Invaluable, LLC ("Invaluable") and Igal Maoz, also known as Igal M. Atelier ("Maoz").[1] Dkt. 1 ("Compl.").

Before the Court is Plaintiff's motion for default judgment against both Invaluable and Maoz.  Dkt. 19 ("Mot.").   For the reasons articulated below, the motion is GRANTED.

## II.    Factual and Procedural Background

Plaintiff is a professional photographer who specializes in celebrity photography.   Compl. ¶ 18. Invaluable operates two websites ("Invaluable Websites"), auctionzip.com and invaluable.com, which host auctions of items including signed celebrity photographs.  *Id.* ¶ 3.  Maoz uses the Invaluable Websites to sell photographic prints of celebrities under the name Igal M. Atelier.  *Id.* ¶¶ 5-6.

Plaintiff registered a copyright in a photograph of Gena Lee Nolin on December 2, 2003 ("Nolin Photograph"). Declaration of Barry Rosen, Dkt. 19-5 ¶¶ 2-3; Ex. 1; Compl. ¶ 21.   On July 8, 2019,

---

[1] Plaintiff's motion for default judgment is inconsistent about this spelling, sometimes using "Maoz" and sometimes using "Moaz."   *See generally* Dkt. 19.   "Moaz" is used in the case caption in the complaint.   Dkt. 1.   However, "Maoz" is used more consistently throughout both documents.   *See generally* Dkt. 1, 19.   The Court will use "Maoz" in this order.

:

Initials of Preparer                                                                                         TJ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06756-SVW-AS | Date | November 9, 2020 |
|---|---|---|---|
| Title | *Barry Rosen v. Invaluable, LLC et al* | | |

Plaintiff discovered that Maoz was selling unauthorized copies of the Nolin Photograph on liveauctioneers.com, Rosen Decl. ¶ 6, a website that appears to be independent from the Invaluable Websites.  Plaintiff sent a notice under the Digital Millennium Copyright Act ("DMCA") to liveauctioneers.com, which removed the item.  *Id.* ¶ 7.  On July 8, 2019, Plaintiff left a voice mail on a phone number listed on Maoz's website informing him that copies of the Nolin Photograph that Maoz was trying to sell online were unauthorized.  *Id.* ¶ 8.

On July 19, 2019, Plaintiff discovered Maoz was also selling copies of the Nolin Photograph on the Invaluable Websites, auctionzip.com and invaluable.com.  On July 19 and 20, 2019, Plaintiff sent DMCA notices to Invaluable stating that Maoz was selling and displaying unauthorized copies of the Nolin Photograph on the Invaluable Websites.  Compl. ¶ 26; Rosen Decl. ¶¶ 11-12.  Plaintiff received a response with a case number.  *Id.* ¶ 12.  Between July 24 and 31, 2019, Plaintiff discovered additional listings of the Nolin Photograph by Maoz on the Invaluable Websites—some promoting new sales and as many as 27 referencing past sales.  *Id.* ¶¶ 13, 15, 19, 20.  Plaintiff sent four additional notices, and received responses with case numbers from Invaluable.  *Id.* ¶¶ 14, 16, 10, 21.

On August 1, 2019, Plaintiff received a response from Invaluable indicating that the first reported infringement had been removed and that Maoz had been advised not to list the Nolin Photograph again.  *Id.* ¶ 22.  As of October 1, 2020, 26 of the 27 items reported in Plaintiff's last DMCA notice had not been removed from the Invaluable Websites.  *Id.* ¶ 23.

Plaintiff filed the instant lawsuit on July 28, 2020.  *See* Compl.  Invaluable was served on August 7.  Dkt. 11.  Maoz was served on August 29.  Dkt. 13.  The Clerk entered a default against Invaluable on August 31, Dkt. 14, and a default against Maoz on September 25, Dkt. 18.

Plaintiff filed the instant motion for default judgment against Invaluable and Maoz on October 7, 2020.  Dkt. 24.  Plaintiff requests $25,000.00 in statutory damages, $14,085.00 in attorney's fees, and $473.17 in costs.  *Id.* at 10-11.  Plaintiff also seeks a permanent injunction.  *Id*. at 17-18.

: 

Initials of Preparer                                    TJ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06756-SVW-AS | Date | November 9, 2020 |
|---|---|---|---|
| Title | *Barry Rosen v. Invaluable, LLC et al* | | |

### III. Legal Standard

Before a court may rule on a motion for default judgment, it first must assess compliance with the procedural requirements of Fed. R. Civ. P. 55 and Local Rule 55-1. *See PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). The motion must set forth: (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Solders' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required. *Id.*; *see also Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 919 n.19 (C.D. Cal. 2010) (service on defaulting party is required under Rule 55(b)(2) only if the party has appeared in the action).

Once these procedural requirements are met, "[g]ranting or denying a motion for default judgment is a matter within the court's discretion." *Landstar*, 725 F. Supp. 2d at 919. Entry of default does not automatically entitle the non-defaulting party to a court-ordered judgment. *See PepsiCo*, 238 F. Supp. 2d at 1174. Rather, the Ninth Circuit has instructed courts to consider the following factors in deciding whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits ("*Eitel* factor(s)"). *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### IV. Analysis

The Court will first address the procedural requirements identified above and will then turn to the *Eitel* factors. The Court will then proceed to consider injunctive relief, attorney's fees, and costs.

#### 1. Procedural Requirements

Plaintiff satisfies the procedural requirements for default judgment under Local Rule 55-1. Specifically, Plaintiff's motion states that the clerk entered default against Invaluable on August 7, 2020 and against Maoz on August 30, 2020 as to Plaintiff's July 28, 2020 complaint. Mot. at 2. Additionally, Plaintiff provided the declaration of his counsel, Adam I. Gafni, who states that (1) Defendants are not minors, incompetent persons, soldiers in military service, or otherwise exempted

|  | : |  |
|---|---|---|
|  | Initials of Preparer | TJ |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06756-SVW-AS | Date | November 9, 2020 |
|---|---|---|---|
| Title | *Barry Rosen v. Invaluable, LLC et al* | | |

under the Civil Relief Act. *See* Declaration of Adam I. Gafni, Dkt. 19-1 ¶¶ 12-13. Because Defendants have not appeared in the action, service of the motion for default judgment was not required under Fed. R. Civ. P. 55(b)(2). Defendants nevertheless were served with the motion. *Id.* ¶ 14.

As the procedural requirements are met, the Court turns to the merits of Plaintiff's motion.

### 2. **Application of the *Eitel* Factors**

Applying the *Eitel* factors here, the Court finds that default judgment is warranted.

First, Plaintiff would suffer prejudice if default judgment is not entered because Plaintiff would be without other recourse to recover for Defendants' infringement of the Nolin Photograph. *See PepsiCo*, 238 F. Supp. 2d at 1177. Therefore, this factor weighs in favor of granting default judgment.

Next, Plaintiff's complaint sufficiently states a meritorious claim for direct and contributory copyright infringement. Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The second and third *Eitel* factors relate to the substantive merit of a plaintiff's claim and the sufficiency of a plaintiff's pleadings. These factors "require that a plaintiff state a claim on which [he] may recover." *PepsiCo*, 238 F.Supp.2d at 1175 (citation and quotation marks omitted); *Landstar Ranger, Inc.*, 725 F. Supp. 2d at 920.

"Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Under § 106, the owner of copyright has the exclusive right to reproduce the work and distribute copies of the work to the public by sale. 17 U.S.C. § 106(1), (3).

Plaintiff has alleged that Plaintiff owns the copyright in the Nolin Photograph, Compl. ¶ 37, satisfying the first requirement for a prima facie case of direct infringement.

Plaintiff alleges that Maoz copied, displayed, and distributed the Nolin Photograph by posting the Nolin Photograph to sell prints on the Invaluable Websites. *Id.* ¶¶ 24, 26, 28, 40-41. Plaintiffs allege

| | : | |
|---|---|---|
| | Initials of Preparer | TJ |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06756-SVW-AS | Date | November 9, 2020 |
|---|---|---|---|
| Title | *Barry Rosen v. Invaluable, LLC et al* | | |

that Invaluable directly uploaded copies of the Nolin Photograph to its account on Pinterest, a social media website.  *Id.* ¶¶ 30, 40-41.  These allegations, taken as true, would be sufficient to satisfy the second requirement that Defendants violated the exclusive rights of reproduction and distribution.  *See Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1034 (9th Cir. 2013) ("[U]ploading … copyrighted material are infringing acts.").

To establish a claim for contributory infringement, a plaintiff must show that the defendant "(1) has knowledge of a third party's infringing activity, and (2) 'induces, causes, or materially contributes to the infringing conduct.'"  *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007) (citation omitted).  A defendant can be contributorily liable by operating an online system allowing users to exchange copyrighted works.  "[I]f a computer system operator learns of specific infringing material available on his system and fails to purge such material from the system, the operator knows of and contributes to direct infringement."  *Napster*, 239 F.3d at 1021-22 (website "provid[ing] 'the site and facilities' for direct infringement" materially contributes to infringing activity).

Plaintiff alleges that Invaluable received multiple DMCA notices relating to infringement of the Nolin Photograph on the Invaluable Websites.  Compl. ¶¶ 26-29, 50-51.  This allegation satisfies the knowledge requirement for a contributory infringement claim.

Plaintiff alleges that Invaluable "owns, operates, controls, and manages the Invaluable Websites and related sub URLs."  Compl. ¶ 48.  Plaintiff further alleges that Maoz made posts on the Invaluable Websites displaying and promoting sales of the Nolin Photograph.  Compl. ¶¶ 26-31.  These allegations satisfy the material contribution requirement for a contributory infringement claim.  *See Napster*, 239 F.3d at 1021-22.

Because the allegations in the complaint state claims for direct and contributory infringement, the second and third *Eitel* factors weigh in favor of granting the motion for default judgment.[2]

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct."  *PepsiCo*, 238 F.Supp.2d at 1176; *Landstar Ranger, Inc.*, 725 F. Supp. 2d at

---

[2] Plaintiff also alleges that the safe harbor in 17 U.S.C. § 512 does not apply because Invaluable failed to appoint a designated agent to received infringement notices.  17 U.S.C. § 512(c)(2); *see Perfect 10, Inc. v. Yandex N.V.*, 2013 WL 1899851, at *7 (N.D. Cal. 2013).

:

Initials of Preparer         TJ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06756-SVW-AS | Date | November 9, 2020 |
|---|---|---|---|
| Title | *Barry Rosen v. Invaluable, LLC et al* | | |

921. "Absent a finding of willfulness," statutory damages may be awarded "in a sum of not less than $750 or more than $30,000" per work infringed. *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 833 (9th Cir. 2019) (quoting 17 U.S.C. § 504(c)(1)). "However, if the copyright owner proves that the infringement was 'willful,' the court may increase the statutory damage award to $150,000 per work infringed." *Id.* (quoting 17 U.S.C. § 504(c)(2)).

Here, Plaintiff seeks $25,000 in statutory damages, which constitutes 2.5-5 times Plaintiff's license rate for editorial use of $5,000 - $10,000. Mot. at 16. Plaintiff's affidavit describes providing six DMCA notices to Invaluable, and states that Maoz received notice at least twice that he was selling unauthorized copies of the Nolin Photograph. Rosen Decl. ¶¶ 6-22. Nevertheless, 26 of 27 items reported in Plaintiff's last DMCA notice to Invaluable have not been removed more than a year later. Rosen Decl. ¶ 23. Given the seriousness of Defendants' conduct and the possibility of an even higher statutory damage award for willful conduct, this *Eitel* factor weighs in favor of entering default judgment. *See CNC Software, Inc. v. T D Mfg., Inc.*, 2020 WL 2042330, at *5 (C.D. Cal. 2020) (default judgment for willful infringement appropriate where "damages sought are within a conservative and permissible range"). This factor therefore weighs in favor of entering default judgment.

The fifth *Eitel* factor considers the possibility that material facts may be in dispute. *PepsiCo*, 238 F.Supp.2d at 1177; *Landstar Ranger, Inc.*, 725 F. Supp. 2d 916 at 921. Defendants have failed to appear in the action or to contest the material facts alleged in Plaintiff's complaint. Moreover, the allegations in Plaintiff's complaint—the continued display and distribution of the Nolin Photograph on the Invaluable Websites after notice—are unlikely to be subject to reasonable dispute, especially as that conduct is demonstrated by screen captures of the alleged infringement and records of the relevant correspondence. *See* Rosen Decl. ¶¶ 6-22; Exs. 2-31. Accordingly, this factor weighs in favor of entering default judgment.

As to the sixth *Eitel* factor, there is no evidence that Defendants' failure to appear is the result of excusable neglect. Invaluable was properly served on August 7, 2020. Dkt. 11. The process server noted that, although "[t]he location was vacant and on lockdown due to Corona virus," she "managed to have someone call me back that agreed to meet me at Invaluable, LLC's location to accept service of the documents." *Id.* at 2.

Maoz was properly served on August 29, 2020. Dkt. 13. Maoz was served by mail under Cal. Civ. Proc. Code § 415.40. *Id.* There is evidence that Maoz is aware of the lawsuit, as Plaintiff's

| | | : | |
|---|---|---|---|
| | Initials of Preparer | | TJ |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06756-SVW-AS | Date | November 9, 2020 |
|---|---|---|---|
| Title | *Barry Rosen v. Invaluable, LLC et al* | | |

counsel's billing records show that Plaintiff's counsel corresponded with Maoz about the lawsuit several times.   Gafni Decl. ¶ 10.

Accordingly, the sixth *Eitel* factor weighs in favor of granting a default judgment

As to the seventh and final *Eitel* factor, although cases should be decided on the merits whenever possible, "this preference, standing alone, is not dispositive."   *PepsiCo*, 238 F.Supp.2d at 1177 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314 at *3 (N.D.Cal.1996)).   By its plain language, Rule 55(a) allows a court to decide a case before the merits are heard if a defendant fails to appear and defend.   Therefore, this factor does not preclude the entry of default judgment.

For the foregoing reasons, the *Eitel* factors weigh in favor of granting default judgment.

### 3.  Injunctive Relief

A party seeking injunctive relief must prove that (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.   *eBay Inc. v. MercExchange*, LLC, 547 U.S. 388, 391 (2006).

Plaintiff satisfies his burden to show entitlement to injunctive relief here.   First, Plaintiff alleges that Defendants' infringement will prejudice future sale or licensing efforts, which caselaw recognizes can constitute irreparable injury.   Compl. ¶ 23; *see Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 866 (9th Cir. 2017) (impairment of future licensing negotiations constitutes irreparable injury warranting copyright injunction).

Second, Plaintiff alleges that monetary damages are inadequate because Defendants have continued to infringe even after receiving notice.   Compl. ¶ 34; Mot. at 17-18.   Plaintiffs' failure to appear after ignoring multiple DMCA notices and a cease-and-desist letter suggests that a damages award will not deter future infringement.   *P and P Imps. LLC v. Outugo Inc.*, 2019 WL 4390576, at *7 (C.D. Cal. 2019); *see also Patagonia, Inc. v. Tradition, LLC*, 2019 WL 1059687, at *7 (C.D. Cal. 2019).

|  | : |
|---|---|
| Initials of Preparer | TJ |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06756-SVW-AS | Date | November 9, 2020 |
|---|---|---|---|
| Title | *Barry Rosen v. Invaluable, LLC et al* | | |

Third, the balance of hardships favors Plaintiff. Failure to grant the injunction would expose Plaintiff to continuing irreparable harm without recourse. Moreover, there is little hardship on Defendant posed by an injunction against infringing activity. *Id.*

Finally, an injunction is in the public interest. "[T]he public has a compelling interest in protecting copyright owners' marketable rights to their work and the economic incentive to continue creating" celebrity photographs. *VidAngel*, 869 F.3d at 867.

Because all of the factors weigh in favor of injunctive relief, the Court will grant Plaintiff's request for a permanent injunction.

### 4. Attorney's Fees

Under 17 U.S.C. § 505, "the court may also award a reasonable attorney's fee to the prevailing party…." "In deciding whether to award fees under the Copyright Act, the district court should consider, among other things: the degree of success obtained on the claim; frivolousness; motivation; objective reasonableness of factual and legal arguments; and need for compensation and deterrence." *Maljack Prods., Inc v. GoodTimes Home Video Corp.,* 81 F.3d 881, 889 (9th Cir. 1996) (citation omitted). Because Plaintiff made well-pleaded allegations of infringement and Defendants failed to appear to defend the action, the Court finds that attorney's fees are warranted.

Plaintiff seeks to recover $14,085.00 in attorney's fees. Gafni Decl. ¶ 10. Although Local Rule 55-3 provides a fee schedule for default judgments, it also provides that "the district court, not the schedule, will fix the fee when a lawyer seeks more than the schedule provides" according to the lodestar method. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160-61 (9th Cir. 2018).

To assess whether a fee request is reasonable, courts apply a two-step analysis referred to as the "'lodestar' method." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). First, "the court must start by calculating the lodestar amount, which is the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "Second, '[t]he district court may … adjust [the lodestar] upward or downward based on a variety of factors." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)). The Ninth Circuit has "identified no fewer than 12

: 

Initials of Preparer      TJ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06756-SVW-AS | Date | November 9, 2020 |
|---|---|---|---|
| Title | *Barry Rosen v. Invaluable, LLC et al* | | |

factors to be considered." *Vargas*, *v. Howell*, 949 F.3d 1188, 1194-95 (9th Cir. 2020) (citation and quotation marks omitted).

Fee applicants have the burden of producing evidence that their requested rates are 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Chaudhry*, 751 F.3d at 1110. Plaintiff's requested rates are $450 per hour for a partner with over fifteen years of experience and $350 for an associate with around three years of experience. The Court finds these rates reasonable in these circumstances. *See Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *15 (C.D. Cal. 2015).

A district court may reduce the hours billed to a reasonable level if they are excessive or duplicative. *Vargas*, 949 F.3d at 1199 ("[T]he district court is in the best position to discern what work was unnecessary." (quoting *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)). A fee applicant must exercise "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (citation omitted) (emphasis in original).

The Court concludes that it would be unreasonable to bill a private client for 38.3 hours of work on a matter that never reached an adversarial determination. Gafni Decl. ¶ 10. Plaintiff's counsel spent approximately 13.1 hours preparing this motion for default judgment after already billing 4.3 hours for work on the demand letter, 7.7 hours for work on the complaint, and 4.8 hours drafting documents in connection with the applications to the Clerk for entry of default. *Id.* The motion for default judgment itself was not complex and relied heavily on the facts and legal theories developed at previous phases. The Court will therefore deduct 75% from the hours billed for work on the motion for default judgment, reducing the recovery by $3,705.

The Court concludes that it was excessive for Plaintiff's counsel to bill such so much time for the following tasks. As far as they are described, these tasks are so simple that a private attorney would not bill a client for more than half the time presently sought.

| Date | Hours | Description | Rate | Attorney | Amount |
|---|---|---|---|---|---|
| 8/17/2020 | 1.0 | Draft and finalize waiver of service re: Maoz | $350.00 | Fountain | $350.00 |

:

Initials of Preparer                                      TJ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06756-SVW-AS | Date | November 9, 2020 |
|---|---|---|---|
| Title | *Barry Rosen v. Invaluable, LLC et al* | | |

| | | | | | |
|---|---|---|---|---|---|
| 8/19/2020 | 0.8 | Draft correspondence to I. Maoz (unrepresented) re: confirming correspondence | $350.00 | Fountain | $280.00 |
| 8/21/2020 | 0.2 | Revise correspondence to Maoz (unrepresented) re: confirming correspondence | $450.00 | Gafni | $90.00 |
| 8/21/2020 | 0.2 | Finalize correspondence to Maoz (unrepresented) re: confirming correspondence | $350.00 | Fountain | $70.00 |
| 8/21/2020 | 0.6 | Draft proof of service re: Igal Maoz | $350.00 | Fountain | $210.00 |
| **TOTAL** | | | | | $1,000.00 |

Gafni Decl. ¶ 10.   The Court will deduct 50% from these excessive charges for a total deduction of $500.00.

The Court also concludes that some of Plaintiff's counsel's billing entries were so vague as to frustrate the Court's ability to assess whether the billing was reasonable.   District courts may deduct from a fee applicant's requested lodestar for billing entries so vague as to frustrate review.   *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000).   The Court determines that the below entries were too vague to assess their reasonableness.

| Date | Hours | Description | Rate | Attorney | Amount |
|---|---|---|---|---|---|
| 7/27/2020 | 1.0 | Finalize complaint packet | $350.00 | Fountain | $350.00 |
| 8/4/2020 | 0.4 | Analyze docket re: summons | $350.00 | Fountain | $140.00 |
| 8/11/2020 | 0.9 | Draft memorandum re: case status | $350.00 | Fountain | $315.00 |
| 8/18/2020 | 0.4 | Draft memorandum re: case status | $350.00 | Fountain | $140.00 |
| 8/31/2020 | 0.5 | Draft memorandum re: case status | $350.00 | Fountain | $140.00 |

:

Initials of Preparer                                                      TJ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06756-SVW-AS | Date | November 9, 2020 |
|---|---|---|---|
| Title | *Barry Rosen v. Invaluable, LLC et al* | | |

| 9/25/2020 | 2.4 | Draft default judgment packet | $350.00 | Fountaion | $800.00 |
|---|---|---|---|---|---|
| **TOTAL** | | | | | **$1,885.00** |

Gafni Decl. ¶ 10. The Court will consequently reduce those entries by 30% for a total deduction of $565.50. *See Lahiri v. Universal Music and Video Distrib. Corp.*, 606 F.3d 1216, 1222-23 (9th Cir. 2010) (affirming reduction of inadequately documented entries by 30%).

For the reasons stated above, the Court will deduct $4,770.50 from the requested fee award. The Court grants Plaintiff attorney's fees in the amount of $9,314.50.

### 5. Costs

Plaintiff has also applied for $473.17 in costs for filing fees and service expenses. Gafni Decl. ¶¶ 10-11. The court may allow recovery of costs in copyright cases under 17 U.S.C. § 505. The Court grants Plaintiff's request for $473.17 in costs.

## V. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion for default judgment. Plaintiff is awarded monetary damages of $25,000, attorney's fees in the amount of $9,314.50, and $473.17 in costs. Additionally, the Court orders the following injunctive relief:

Defendants Invaluable, LLC and Igal Maoz aka/dba Igal M. Atelier are enjoined from engaging in further acts of copyright infringement of the Nolin Photograph (Copyright Registration No. VA 1-274-965), are ordered to remove the Nolin Photograph from and cease to display it on all websites under their control, cease to display the Nolin Photograph publicly, and cease to otherwise distribute the Nolin Photograph.

IT IS SO ORDERED.

:

Initials of Preparer    TJ